T.C. Summary Opinion 2006-166

UNITED STATES TAX COURT

STEVEN BRUCE HUNTLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16676-03S.                    Filed October 16, 2006.

Steven Bruce Huntley, pro se.

<u>Kathleen Raup</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $5,259 in petitioner's 2000 Federal income tax, and additions to tax of $232.87 and $119.02 pursuant to section 6651(a)(1) and (2), respectively.

After concessions[1], there are three issues for decision: (1) Whether petitioner is entitled to a deduction stemming from a brokerage account he held with Kristian Capital Management, Inc.; (2) whether petitioner is entitled to a deduction stemming from his employment with Howard Systems, Inc.; and (3) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1).

## Background

The evidence in this case consists of oral stipulations agreed upon at trial and documented evidence received at trial.[2] The stipulation of facts and the attached exhibits are incorporated herein by reference.

At the time the petition was filed, petitioner resided in Upper Darby, Pennsylvania.

---

[1] Respondent has conceded the issue as to addition to tax pursuant to sec. 6651(a)(2).

[2] Respondent contacted petitioner no less than nine times between March 1, 2004, and November 1, 2005, each time requesting that petitioner stipulate the facts of the case. When no stipulation of facts was agreed upon by the date of the trial, the Court took oral stipulations from the parties and received into evidence documentation that detailed the parties' agreements.

During the taxable year 2000, petitioner received wages, unemployment compensation, and a distribution from an individual retirement account (IRA) totaling $34,025. Petitioner does not contest that he received these amounts or that they are includable in his gross income. However, at trial, petitioner raised the issue of his entitlement to two loss deductions.

On October 8, 2000, petitioner filed articles of incorporation with the secretary of the Commonwealth of Pennsylvania for Huntley Quality Assurance, Inc. (HQA). In September 2000, HQA entered into a general Contractor agreement with Howard Systems International, Inc. (Howard Systems, Inc.), for petitioner to provide software support services at Wyeth-Aryst Pharmaceutical from September 25, 2000, through March 25, 2001. Petitioner worked at Wyeth-Aryst Pharmaceutical from September 24 through October 8, 2001, for a total of 59.5 hours at $80 an hour.

Petitioner did not timely file his 2000 Federal income tax return. Respondent prepared a substitute return calculating petitioner's tax liability for 2000. Respondent issued a notice of deficiency based upon amounts reported as paid to him by payors, using the filing status of married filing separately. In his calculation, respondent allowed the standard deduction of $3,675 and a personal exemption allowance of $2,800.

As of the date of trial, petitioner had not filed his 2000 Federal income tax return. A trial occurred on November 5, 2005.

Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, places the burden of proof on the Commissioner with respect to certain factual issues. Specifically, section 7491(a)(1) provides that if, in any court proceeding, the taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability, the burden of proof with respect to such factual issues will be placed on the Commissioner. However, the taxpayer must comply with the substantiation and record-keeping requirements of the Internal Revenue Code. See sec. 7491(a)(2)(A) and (B). For reasons discussed herein, we hold that petitioner did not meet the requirements of section 7491(a)(2).

With respect to the addition to tax under section 6651(a)(1), the Commissioner bears the burden of production; i.e., evidence that it is appropriate to apply the addition to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). If the Commissioner meets the burden of production, the taxpayer bears the burden of establishing that his failure to

file and pay is due to reasonable cause and not willful neglect. Higbee v. Commissioner, supra at 447. For reasons discussed herein, we hold that respondent has met his burden of production with respect to the section 6651(a)(1) addition to tax.

## Characterization of Purported Losses

Petitioner argues that he is entitled to itemized deductions for a loss sustained as a result of embezzlement of a brokerage account he held with Kristian Capital Management and a loss stemming from the termination of his employment at Wyeth-Aryst Pharmaceutical.

## Kristian Capital Management Brokerage Account

Section 165(g)(1) provides that a loss resulting from a capital asset that becomes worthless during the taxable year shall be treated as a loss from the sale or exchange of that asset as of the last day of the taxable year. Petitioner claimed that he sustained such a loss from the "embezzlement" of a brokerage account he held with Kristian Capital Management.

To substantiate his claim, petitioner offered three documents into evidence: A partial copy of a letter sent to him from First American Discount Corporation, and two copies of Web pages. The first letter showed that petitioner held a brokerage account with Kristian Capital Management through the First American Discount Corporation. The second document, a copy of a

Web page, revealed that the First American Discount Corporation had withdrawn as a member of the Chicago Board of Trade. The third document, also a copy of a Web page, indicated that Kristian Capital Management either withdrew or had rescinded its membership in the National Futures Association, an independent, regulatory organization for the futures industry. Petitioner provided no evidence, however, of his basis in the Kristian Capital Management account, that embezzlement of his funds occurred, or of the amount of his purported loss. Therefore, we cannot conclude that a loss occurred. Accordingly, we hold that petitioner is not entitled to a loss deduction attributable to his brokerage account with Kristian Capital Management.

Employment With Wyeth-Aryst Pharmaceutical

Petitioner testified that he was dismissed from his consulting job at Wyeth-Aryst Pharmaceutical because he was "ethically opposed" to the work assigned to him, and that company officials barred him from reentering his office to retrieve his personal effects.

Section 165(a) provides a theft loss deduction in the taxable year in which the taxpayer discovers the loss. The basis for determining the amount of the deduction for any loss is the lesser of the fair market value or the adjusted basis of the property prescribed by section 1011. Secs. 1.165-7(b)(1), 1.165-

8(c), Income Tax Regs. The amount of the loss deduction is limited to the extent the loss exceeds $100 and the net casualty loss exceeds 10 percent of the taxpayer's adjusted gross income. See sec. 165(h).

In calculating petitioner's tax liability for 2000, respondent did not allow petitioner a loss deduction for personal effects he claimed that he was prohibited from retrieving. Respondent argues that petitioner is not entitled to a theft loss deduction under section 165(a) because he did not substantiate either his basis in the property or that the property was involuntarily converted.

Petitioner testified that the items at issue included a used laptop computer, some antique fountain pens, and a framed photograph of his wife. Petitioner further testified that to compensate him for the loss of these items, Howard Systems, Inc. drew up a "consultant invoice" for 16.5 hours of work at the rate of $80/hour. Howard Systems, Inc. then issued a check to petitioner for $1,320. Petitioner argues that he is entitled to deduct this amount because it was actually a theft reimbursement.

First, petitioner provided no credible evidence that he was barred from the Wyeth-Pharmaceutical premises, nor did he substantiate his basis in the property allegedly taken from him as a result of his termination. Petitioner did not provide any

receipt for his laptop computer, although he testified that it was a recent purchase. He did not produce any receipts or documentation regarding the value of the antique pens, although he testified he was very familiar with these types of pens from having restored them.

Second, Howard Systems, Inc., prepared an invoice for 16.5 hours of work and attached to the invoice a timesheet reporting 8 hours worked on Monday, October 1, 2000, and 8.5 hours worked on Tuesday, October 2, 2000. While we believe petitioner's testimony that the signature on the timesheet is likely not his, it does not change our finding that this invoice is not proof of either the fair market value of or his basis in the articles purportedly taken from him.

Finally, the record contains a copy of a canceled check for $1,320 that cleared the Howard Systems, Inc., account on October 20, 2000. We find it highly unlikely that Howard Systems, Inc., would pay petitioner for items that were allegedly converted from him less than 1 month earlier and that could have easily been retrieved from Wyeth-Pharmaceutical and sent to him. We are even more incredulous that Howard Systems, Inc. would reimburse petitioner without his having proved to them the value of or his basis in the items. Certainly if petitioner had provided such evidence to Howard Systems, Inc., he could have provided the same

information to the Court.  He did not.  For all of the foregoing reasons, we conclude that petitioner is not entitled to a deduction in the amount of $1,320 for a theft loss.[3]

Section 6651(a)(1) Addition to Tax

As of the time of trial, petitioner had not filed his 2000 Federal income tax return.  Petitioner testified that he gave his 2000 return to a U.S. Postal Service employee at the 30th Street Post Office Station in Philadelphia, Pennsylvania, on the evening of April 15, 2001.  Respondent's records, however, indicate that petitioner requested an extension to file until August 15, 2001, and to date, petitioner has not filed his return.

On the instant record, we find that petitioner has failed to satisfy his burden of proving that his failure to file timely his return for 2000 was due to reasonable cause and not willful neglect.  Sec. 6651(a).  Accordingly, we sustain respondent's determination imposing the addition to tax under section 6651(a)(1) for taxable year 2000.

---

[3]  Even if we did allow the petitioner a theft loss deduction of $1,320, petitioner's standard deduction for 2000 would be greater than the loss allowed.  Accordingly, it is of no tax consequence to petitioner that we sustain respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent as to the

amount of the deficiency

and the section 6651(a)(1)

addition to tax.